Minshall, C. J.
On May 26, 1894, the plaintiff, Georg-e A. Root, brought suit in the court of com: mon pleas of Hamilton county, to restrain the defendant, the Board of Education of the school district of Cincinnati, from excluding his son from Woodward high school, the school being-under the supervision and control of the defendant. The plaintiff did not reside in the Cincinnati district, but in a special school district of Columbia township, Hamilton county. Under a resolution that had previously been adopted, the defendant exacted the payment of $17.50 as tuition in advance for the quarter ending July 1, 1894. This the plaintiff refused to pay, claiming the right to have his son admitted without such payment, under the provisions of the act of the legislature passed May 21,1894. There was no objection to the ad *595 mission of the plaintiff’s son other than the nonpayment of the tuition.
The cause was heard on a demurrer to the petition. The court held the law to be invalid, sustained the demurrer, and dismissed the petition. The only question involved in the case is the validity of the statute. The material sections are as follows:
£< Section 1. That hereafter all bona fide residents of that portion of any county containing a city of the first grade of the first class not within the corporate limits of such city, and not within any school district which maintains a high school with a four years’ course of study of similar character to the high schools of súch city, shall be admitted into and receive instruction in any such high school of such city or school district on the same terms and conditions as to tuition fees and otherwise, as are now or. may hereafter be prescribed for pupils of such schools residing within such city, or school district.
£ £ Sec. 2. The board of education or other proper board of such city or school district shall, after this act shall have been in force one year, and annually thereafter, make an estimate of the additional funds required for the maintenance of such high school under the provisions of this act, and certify such estimate to the commissioners of the respective county, who, in addition to their other powers of taxation, are hereby authorized and directed to assess and levy upon all the taxable property of such portion of said county not within the corporate limits of such city, and not within the limits of any such school district maintaining such a high school a sufficient tax annually to provide such additional funds; provided, that nothing *596 in this act shall be so construed as to render nugatory the stipulations under which any bequest, devise, donation or endowment has heretofore been made or given for the support and maintenance of any such high school. * * * *
“Sec. 3. This act shall take effect and be in force from and after its passage.”
A number of objections are made to the validity of the law. The principal one is to the mode of levying the tax authorized by the second section. The claim is that the provision for levying it is not uniform as required by section 2 article XII of the constitution. It is a tax on property and must therefore, conform to this provision. The section referred to requires the board of education of the city, after the act has been in force for one year, and annually thereafter, to make an estimate of the additional funds that will be required, for the support of the high school under the provisions of the act, and certify the amount to the commissioners of the proper county, who are then directed to assess and levy a sufficient tax to provide such additional funds upon all the taxable property, not of the entire county, but upon such portions of it, not within the corporate limits of such city, and not within the corporate limits of any school dis - trict that maintains a high 'school with a course of study similar in character to the high school of the city.
Now, unless a tax district can be said to be created by this statute, within which all the property subject to taxation is to be assessed for the purpose of raising the additional funds, it is manifestly invalid, for want of uniformity. Field v. Commissioners, 36 Ohio St., 476. It is claimed by the plaintiff that the tax district is not the county, *597 but the portion that remains after excluding the territory of the city and such school districts as maintain a high school similar in character to that of the city; and that it is competent to the legislature, as held in Bowles v. State, 37 Ohio St., 35, to create a special taxing district without regard to the municipal or political subdivisions of the state. In that case special tax districts were created by the law. Each embraced all the taxable property within one mile on each side of the road improvement, with certain exemptions at the crossings where lands had been assessed for similar improvements. The court noted the si milarity between the want of uniformity between the statute then under consideration and the statute considered and held invalid in the Field’s case; which provided for the levying of a tax in certain counties for the construction of turnpikes, making, however, an exception of such lands as had been assessed for a similar improvement. But as the record in the case did not disclose that there were any such crossings on the Biddeng’er road (the road in question), as would require an exemption of any lands to be made under the law, and the statute might therefore have a constitutional operation in the particular instance, the court held a bond that had been issued for the making of the improvement, to be a subject of forgery. It was not held that exemption could be made in the district in which the tax is to be levied. In the statute now under consideration there is no attempt by definite lines to make a tax-district within which the tax is to be uniformly levied. It may extend to and include the whole county outside of the corporate limits of the city, or it may include but part. This will depend upon whether *598 there are, or are not, school districts within the county having a hig-h school similar in character to that of the particular city; in other, words, whether there ar*e lands within the county outside the city entitled under the law to exemption from the tax. The county is the tax district; and the amount, estimated by the board of education of the city, as necessary to carry out the provisions of the law, is to be levied by the county commissioners upon all lands in the county, except the city, because it maintains the particular high school, and school districts having a. high school similar to the city, because taxed for a similar purpose. There is, then, no difference in principle between this statute and the one held invalid in Field v. Commissioners. There, lands in the county were to- be exempt that had been assessed for. similar road improvements; here, property in the county is to be exempt that has been taxed for the maintenance of a high school similar to that of the city. It violates the principal of uniformity in the taxation of property required by the provision of the constitution above referred to.
There is no question but that it would be competent to the legislature to create, or provide for the creation of a special district in any county for the maintenance of a high school. It might embrace the whole county, or a part of it, provided that all property in it-is taxed alike for the maintenance of the school. Such is not this case. The city, through its board determines' the amount of the levy to be made, pays no part of it. Those who have the tax to pay have no voice whatever in determining the amount of it. It signifies nothing to say that the tax »is levied by the commissioners. When the amount has been ascertained *599 by tbe board and certified to the commissioners, the law is mandatory as to them — they must make the levy. They are mere agents in carrying out the determinations of the board of education.
A special district for taxation should, during the operation of the law creating it, be permanent and definite. Here both these characters are wanting. Until the commissioners have made a levy under the law, no one can tell with certainty what property in the county will be assessed and what not; and their determination may be changed by the judgment of some court on the question, whether some district does, or does not, maintain a high school similar in character to that of the particular city. Again, there is nothing- to prevent any district from raising the standard of its high school to that of the particular city, or even above it, in which case the district would be diminished, or, possibly left without any property in it subject to taxation. These considerations show that any attempt to liken the provisions of this statute to the creation of a special taxing district is illusory, and wholly fails of its object.
This is not a case in which the invalid portion of the law may be rejected without affecting the entire statute. The provisions of the first and second sections are dependent. We cannot assume that the legislature would have authorized the children of nonresidents to attend the high school of the particular city, as is done by the first section, without the provision'as to taxation, contained in the second. The invalidity of this section emasculates the law and renders the entire act invalid. The conclusion here reached makes it unnecessary to consider the other objections to the statute.

Judgment affirmed.